IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD JONES, #53567                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-00218-HTW-LGI

TIMOTHY DONAVAN, et al                                                           DEFENDANTS

ANSWER AND DEFENSES

COME NOW, Defendants Burl Cain and Timothy Donovan ("Defendants"), by and through counsel, and submit their Answer and Defenses to the Plaintiff's Complaint [CM/ECF DOC.1], and would show unto the Court as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

Plaintiff's Complaint fails to state facts against Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

THIRD DEFENSE

Defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Defendants are entitled to qualified immunity as to the claims asserted against them in their individual capacity. More specifically, Defendants would affirmatively aver that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, their conduct was objectively reasonable.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, Defendants invoke each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## SIXTH DEFENSE

Defendants deny that they have been guilty of any actionable conduct.

## ADMISSIONS AND DENIALS

## COMPLAINT [CM/ECF DOC. 1]

Defendants respond to the allegations of the Plaintiff's Complaint as follows:

I. **The Parties to this Complaint**

    A.    Admitted.

    B.    It is admitted that Plaintiff has sued the parties set forth as defendants in Paragraph I(B). It is denied that these parties are proper defendants or that this action is properly before this Court. Any allegations set forth in Paragraph I(B) of the Complaint which are not specifically admitted herein are denied.

II. **Basis for Jurisdiction.**

    A. It is admitted that Plaintiff has brought a claim under § 1983.

    B. It is admitted that Plaintiff claims his constitutional rights were infringed upon by Defendants. It is denied that Plaintiff's rights were infringed upon in any way.

    C. There are no allegations in this Section.

    D. Denied. Defendants deny all allegations asserted against them in the attached pages referenced in II(D).

III. **Prisoner Status**

It is admitted that Plaintiff is a convicted and sentenced state prisoner.

IV. **Statement of Claim**

    A. Denied.

    B. Denied.

    C. Denied.

    D. Denied.

V. **Injuries**

Denied.

VI. **Relief**

Denied, and it is denied that Plaintiff is entitled to any relief whatsoever.

VII. **Administrative Remedy Procedures**

    A.    Defendants admit that Plaintiff's claims, as alleged, arose while he was in a prison.

    B.    Defendants admit that MDOC facilities have grievance procedures.

    C.    Defendants admit the grievance procedures at CMCF cover deprivation of Constitutional Rights.

    D.    Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

    E.

        1.    Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

        2.    Defendants are without sufficient information to admit or deny the allegations contained in this section and therefore deny the same.

        3.    Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

       4. Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

  F.

       1. Defendants are without sufficient information to admit or deny the allegations contained in this section and therefore deny the same.

       2. Defendants are without sufficient information to admit or deny the allegations contained in this section and therefore deny the same.

  G. Defendants are without sufficient information to admit or deny the allegations in this section and therefore deny the same.

## VIII. Previous Lawsuits

As to whether Plaintiff has incurred three strikes, Defendants are without sufficient information to admit or deny and therefore deny the same.

  A. Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

  B. There are no allegations in this section.

  C. Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

  D. Defendants are without sufficient information to admit or deny the allegation contained in this section and therefore deny the same.

IX. **Certification and Closing**

There is no information in this section that requires a response from the responding Defendants.

## RESPONSE [CM/ECF DOC. 11]

Defendants specifically deny all allegations contained in Plaintiff's Response [CM/ECF Doc. 11] that seek to impose liability on them.

## SEVENTH DEFENSE

Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## EIGHTH DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## NINTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

## TENTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## ELEVENTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their state law immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## TWELFTH DEFENSE

Defendants specifically deny that they willfully violated any law in any manner or respect whatsoever and deny that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## THIRTEENTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them as set forth in the Complaint, except to the extent specifically admitted herein.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit

arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## SEVENTEENTH DEFENSE

Defendants cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95 (1978).

## EIGHTEENTH DEFENSE

Defendants assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

## NINETEENTH DEFENSE

Defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## TWENTIETH DEFENSE

Defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiff's claims.

And now, having fully answered the allegations of Plaintiff's Complaint and having set forth their defenses thereto, Defendants deny that the Plaintiff is entitled to any relief against them in any form or amount, whatsoever, and hereby move the Court for entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to the Plaintiff. Finally, Defendants move for general and such other relief as the Court deems appropriate herein.

Respectfully Submitted, this the 15th day of October, 2025.

                BURL CAIN and TIMOTHY DONOVAN, *Defendants*

By:  LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:  s/*La'Bria M. Barnes*
LA'BRIA M. BARNES (MSB #106360)
Special Assistant Attorney General

LA'BRIA M. BARNES (MSB #106360)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4721
Fax: (601) 359-2003
labria.barnes@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day caused to be mailed, via United States Postal Service, first class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following:

Reginald Jones, #53567
Central Mississippi Correctional Facility
P. O. Box 88550
Pearl, MS  39288-8550

This, the 15th day of October 2025.

/s/ *La'Bria M. Barnes*